## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,

      Plaintiffs,

v.

FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,

      Defendants.

CIVIL FILE
ACTION NO. 1:23-cv-05243

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO RENEWED MOTION TO DISMISS FILED BY ERSHOWSKY VERSTANDIG PLLC, ERSHOWSKY, P.C., AND MICHAEL ERSHOWSKY**

Plaintiffs Catnip Catlin Investments, LLC and Craton Event Management, LLC d/b/a Craton Promotions ("Plaintiffs"), through their undersigned counsel, hereby submit this *Response in Opposition* to that *Renewed Motion to Dismiss* (Docket No 31; the "Motion") and *Renewed Memorandum In Support of Motion to Dismiss* (Docket No 31-1; the "Defendants' Brief")*,* filed by the respectfully showing the Court as follows:

1

## OVERVIEW

The Court should deny the Motion because (i) the Attorney Defendants waived objections to personal jurisdiction by filing an initial appearance without contesting personal jurisdiction; (ii) the Attorney Defendants have had extensive and ongoing contacts with residents of the State of Georgia by suing at least sixty-six (66) Georgia residents and entities, which is vastly more contact than in the case law relied on by the Attorney Defendants; (iii) the Attorney Defendants have refused to reveal the full extent of their contacts with residents of the State of Georgia, as the Attorney Defendants refused to answer jurisdictional discovery about clients in the State of Georgia; (iv) if this Court does not have personal jurisdiction over the Attorney Defendants, the Court may still have personal jurisdiction over co-defendant Family Funding Group, which would make dismissal of the action improper; (v) if this Court does not have personal jurisdiction over the Attorney Defendants, the Court should transfer the action to the court that the Attorney Defendants apparently contend would have jurisdiction over them (i.e., the District Court in New York), rather than terminating the action by dismissal; (vi) abstention doctrines are not applicable in this context; and (vii) the substantive claims are not subject to dismissal as the Plaintiffs have pled valid causes of action.

# **FACTS**

Because this case is before the Court on a motion to dismiss, "the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *LM Ins. Corp. v. Logistics Workforce Sols., Inc.*, No. 1:15-CV-02363-MHS, 2016 WL 5340545, at \*4 (N.D. Ga. Feb. 2, 2016), citing *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Thus, we look to the Complaint.

The Verified Complaint avers that:

   a. Defendant FFG has solicited loans from borrowers within the State of Georgia on an ongoing basis, has entered into contracts with borrowers in the State of Georgia, has entered into contracts with guarantors in the State of Georgia, has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia.

   b. Ershowsky PLLC has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia.

   c. Ershowsky P.C. has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia.

   d. Mr. Ershowsky has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia.

   e. Additionally, the tortious conduct referenced in this Complaint was directed by each Defendant against Plaintiffs who are located within the State of Georgia and Plaintiffs have suffered injury within the State of Georgia from that tortious conduct.

Complaint, ¶ 4.

The Verified Complaint also avers that Plaintiffs "have been injured within this district by the seizure of their bank accounts in this district by Defendants." Complaint, ¶ 5.

Defendants seek to go outside of the averments in the Complaint by submitting evidence on the issue of personal jurisdiction. The Affidavit submitted by the Attorney Defendants states in seemingly absolute fashion that "[n]either I nor my Firm maintain [sic] any regular business in or have any systematic contacts with the State of Georgia." (Ershowsky Affidavit, ¶ 45). Plaintiffs submit that is a gross mischaracterization of the facts, as the Attorney Defendants sued no less than *six-six (66)* Georgia companies and Georgia individuals in roughly the past year, inclusive of Chazzy and Mr. Craton. (*See* Declaration of Michael Robl, ¶ 13). In their responses to jurisdictional discovery, the Attorney Defendants admit that is an accurate fact.

Based on responses to jurisdictional discovery, it also appears that Defendants have had such extensive contacts with the State of Georgia that they find it too burdensome to list all such contacts. For instance, Plaintiffs' jurisdictional interrogatories to Defendants requested that Defendants:

> 8.    Identify all contacts you have had with the state of Georgia, including, but not limited to:
>       a.  All property owned in the state of Georgia;

b. All applications for *pro hac vice* filed in Georgia courts;

c. All current or former clients you have that maintain their principal place
of business or headquarters in the state of Georgia;

d. All current or former clients you have that do business in the state of
Georgia;

e. All lawsuits you or your members have filed against Georgia residents and/ or Georgia business entities on behalf of yourself or your current or former clients;

f. All lawsuits your or your members have been named as a party in involving
Georgia residents and / or Georgia business entities;

g. All post-judgment collection efforts you have taken on behalf of yourself or your current or former clients against Georgia residents and / or Georgia business entities, such as writs of *fieri facias* issued, judgments domesticated, garnishment actions filed, etc.;

h. All communications with Georgia residents, business entities, or defendants, including, but not limited to, phone calls, emails, text messages, letters, and any other form of written or oral communication;

i. All marketing, advertising, promoting, and / or steps taken to solicit business from Georgia residents or business entities;

j. All purchases made in the state of Georgia within the last twenty-four (24) months from the date of your responses to these interrogatories;

k. All purchases made from individuals or business entities based in the state of Georgia within the last twenty-four (24) months from the date of your responses to these interrogatories; and

l. All travel in, on, or through the state of Georgia by your or your members, including, but not limited to travel in, on, or through Georgia roads, airports, ports, railways, or other method of travel.

Responses of Ershowsky PC to Requests to Produce, attached hereto as **Exhibit "A"**, pp. 3-5.

Defendants' response to the foregoing interrogatory was:

**RESPONSE: ….**

As to example items c, and d, the Firm objects to providing the information requested by these examples based on the attorney-client privilege, as any information responsive to the request would necessarily result from conversations or information exchanged by a client to the Firm as part of the attorney-client relationship. To the extent such information has been obtained outside of the attorney-client relationship, the Firm is unaware of any clients based in Georgia.

The Firm also objects to providing the information responsive to example item d on the basis that the request is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence or is disproportionate to the needs of the case.

….

As for example item l, Michael Ershowsky spent three days with his family in Atlanta for a family wedding in 1989. Mr. Ershowsky was a kid at the time and did not attend the wedding and was instead babysat at the hotel by his aunt who was attending Emory University at the time. At other times during the late 1980s and 1990s, Mr. Ershowsky's family would have driven through Georgia on a few occasions when the family traveled from New York to Florida on vacation. In 1997, the Ershowsky family went on a camping trip in North Carolina and passed through Georgia. In 2007, Mr. Ershowsky passed through Georgia on a vacation with his wife and spent approximately 1 ½ hours in Savannah and purchased

> chicken fingers and soft drinks. In 2009, Mr. Ershowsky again passed through Georgia on his way back to New York on a trip but does not recall stopping in Georgia.
> As for example items e, g, and h, the Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. ….Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. ….

Responses of Ershowsky PC to Requests to Produce, attached hereto as **Exhibit "A"**, pp. 3-6.

Similarly, Plaintiffs sent jurisdictional interrogatories to Defendants requesting that Defendants identify all written communications between Defendants and Georgia residents. Exhibit "A" hereto, p. 12, No. 3. Defendants refused to provide that information, for which reason the Court would not be able to conclude the Defendants lack sufficient contacts with Georgia residents.

Likewise, Plaintiffs sent jurisdictional interrogatories to Defendants requesting that Defendants identify all clients in Georgia. Exhibit "A" hereto, p. 14, No. 5; Exhibit "A" hereto, p. 16, No. 14. Defendants refused to provide that information, for which reason the Court would not be able to conclude the Defendants lack sufficient contacts with Georgia residents.

The same jurisdictional discovery was served on all three defendants, and substantively identical discovery responses were provided by each defendant. *See* **Exhibit "B"** and **"C"** hereto.

Plaintiffs had already established that Defendants had sued at least sixty-six Georgia residents. The jurisdictional discovery responses referenced above show that these extensive contacts with Georgia residents may go far beyond the extensive known contacts, but Defendants will not reveal that information.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.    Standard for Consideration of Motion to Dismiss with Extensive Filings Outside the Averments of the Complaint.

The Attorney Defendants have filed Affidavits in support of their Motion. Accordingly, it is no longer a Motion to Dismiss. Instead, it has been converted to a motion for summary judgment, but the Court may also determine whether to disregard the additional materials.

> Federal Rule of Civil Procedure 12(d) provides that if, on a Rule 12(b)(6) motion to dismiss for the failure to state a claim upon which relief can be granted or on a Rule 12(c) motion for judgment on the pleadings, matters outside the pleading are presented to and not excluded by the court, the motion will be treated as one for summary judgment under Rule 56. A Rule 12(b)(6) or Rule 12(c) motion is properly treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 when, in order to decide the motion, the trial court has considered documents submitted in support or opposition of the motion that are outside of the pleadings. When a party

> submits materials outside the pleadings, it is within the court's discretion whether to consider those materials, thereby transforming the motion into one for summary judgment, as the court may choose to ignore the supplementary materials and determine the motion on the pleadings.

60 A.L.R. Fed. 3d Art. 2, *What Matters Not Contained in Pleadings May Be Considered in Ruling on Motion to Dismiss under Rule 12(b)(6)* (Originally published in 2021).

The Attorney Defendants have not sought to have the Motion treated as one for summary judgment. In that regard, they have not submitted a statement of material facts, nor filed a motion seeking conversion to a summary judgment proceeding. Accordingly, Plaintiffs are responding within 14 days rather than 21 days, and are not treating the Motion as one for summary judgment. Plaintiffs request that the Court disregard the additional materials and determine the Motion on the pleadings. To the extent that the Court considers materials outside the pleadings, Plaintiffs are attaching materials rebutting the Attorney Defendants' claims.

## II.    The Attorney Defendants waived objections to personal jurisdiction by filing an initial appearance without contesting personal jurisdiction.

The Court need not resolve disagreements over the facts varying from cases relied on by the Attorney Defendants, as they waived their argument regarding personal

jurisdiction by filing their *Consent Motion for Leave to Extend Time to File Response* on November 27, 2023 (the "Motion to Extend," Doc. No. 14). The Eleventh Circuit has consistently found that "a party's right to dispute personal jurisdiction on insufficient service of process grounds ***is waived if the party fails to assert that objection in his*** first Rule 12 motion, ***other initial pleading or general appearance***." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (emphasis supplied) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)); *see also Oldfiedl v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n. 21 (11th Cir. 2009) (same) and *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.2d 852, 854 (11th Cir. 2010) ("A defendant normally only waives a personal jurisdiction defense if he or she ***has entered an appearance*** . . . .") (emphasis supplied).

In this case, the Attorney Parties did not raise the defense of personal jurisdiction in their first "general appearance," *i.e.*, in the Motion to Extend. Accordingly, the Attorney Parties waived their defense of personal jurisdiction and therefore would not prevail on a motion to dismiss this action based on an objection to personal jurisdiction.

**III.    The Attorney Defendants are subject to personal jurisdiction in Georgia based on extensive and ongoing contacts with residents of the State of Georgia by suing at least sixty-six (66) Georgia residents and**

**entities, and their refusal to reveal the full extent of their contacts with residents of the State of Georgia in response to jurisdictional discovery.**

The Attorney Defendants assert that this Court should not exercise personal jurisdiction over them, relying on a small number of decisions in which lawyers were held not to be subject to personal jurisdiction when they had only a few contacts with the forum state on behalf of a client. This is not such a case. To the contrary, the Attorney Defendants admit that they have sued at least sixty-six (66) Georgia residents and Georgia entities.

Georgia's long-argument statute, O.C.G.A. 9-10-91, authorizes the exercise of jurisdiction over an out-of-state defendant who "***commits a tortious injury*** in this state ***caused by an act or omission outside this state*** if the tort-feasor regularly does or solicits business, ***or engaged in any other persistent course of conduct***, or derives substantial revenue from goods used or consumer or services renders in this state." *See* Defendants' Brief, p. 9 (emphasis supplied).

The Complaint avers that the Attorney Defendants committed conversion and negligence (*i.e.*, tortious injury; Complaint ¶¶ 50-58), causing injury in Georgia (Complaint ¶ 4e), which the Attorney Defendants admit was part of a persistent course of conduct in the sense that they have sued not less than sixty-six (66) Georgia

residents, and likely more although they will not respond to the pertinent jurisdictional discovery. That fits with the express wording of the long-arm statute.

In the decisions cited by Defendants it is not surprising that a court ruled that extremely attenuated contacts with the state did not create personal jurisdiction, but none of those cases dealt with sixty-six (66) contacts with the forum state. That is "any other persistent course of conduct" sufficient to obtain jurisdiction under the long-arm statute by its terms.

The Attorney Defendants also have refused to respond to jurisdictional discovery about the full extent of their contacts with Georgia. They should not be permitted to claim they lack sufficient contacts, yet to refuse to provide full information about those contacts. That alone may be a sufficient basis to deny a motion to dismiss asserting the absence of personal jurisdiction:

> Magistrate Judge Michael L. Orenstein, who is supervising the conduct of discovery in this case, has issued a Report and Recommendation, dated September 16, 1997, reporting that Stovin–Bradford **has failed to comply with the plaintiffs' legitimate discovery requests on the issue of personal jurisdiction. Magistrate Judge Orenstein has accordingly recommended that Stovin– Bradford's motion to dismiss for lack of personal jurisdiction be denied**. Stovin–Bradford has not filed any objections to the September 16th Report and Recommendation. ***I now adopt the Report and Recommendation and deny Stovin–Bradford's motion to dismiss him from this action for lack of personal jurisdiction***. *See Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 709, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (jurisdictional

> objection may be forfeited by failure to comply with
> discovery orders).

*Loc. 875 I.B.T. Pension Fund v. Pollack*, 992 F. Supp. 545, 560 (E.D.N.Y. 1998).

Finally, Mr. Ershowsky repeatedly references having once bought some inexpensive chicken fingers in Georgia, and having taken the occasional trip through Georgia to the beach, which is a great distraction from the sixty-six (66) times he has sued Georgia residents, as if those are not contacts. Plaintiffs are not asking this Court to exercise jurisdiction over someone who once purchased a chicken meal in the State or who drove across our interstate highways, but rather over someone who regularly and systemically sues Georgia residents for a client conducting business with those Georgia borrowers and guarantors. Retaining jurisdiction is all the more proper because none of the Defendants disclosed the full extent of their contacts with this State, as each has refused to respond to jurisdictional discovery regarding what clients in Georgia they represent and similar matters. It does not offend notions of fair play for individuals and entities who direct their conduct toward Georgia residents on a continuing basis, in many dozens of instances, to be haled into court here.

## IV. If this Court does not have personal jurisdiction over the Attorney Defendants, the Court may still have personal jurisdiction over co-defendant Family Funding Group, warranting denial of dismissal of the action.

13

The Attorney Defendants have not argued that FFG is not subject to personal jurisdiction in Georgia. To the contrary, much of the Attorney Defendants' argument appears to be that they are merely "agents" for FFG, and an agent should not be subject to personal jurisdiction when it was actually the principal who was the responsible actor. *See* Defendants' Brief at p. 11 (arguing mere agent should not be subject to jurisdiction).

The Complaint avers that FFG is subject to jurisdiction in Georgia by virtue of its contacts with this state. See Complaint, ¶ 4a ("Defendant FFG has solicited loans from borrowers within the State of Georgia on an ongoing basis, has entered into contracts with borrowers in the State of Georgia, has entered into contracts with guarantors in the State of Georgia, has seized funds from borrowers located in the State of Georgia, and has seized funds from non-borrowers located in the State of Georgia."). Those averments are unchallenged as of yet, and all factual averments in the Complaint are taken as true when analyzing a motion to dismiss.

Accordingly, the Court should not dismiss this action, as there is a defendant subject to personal jurisdiction in this forum.

**V.    If this Court does not have personal jurisdiction over the Attorney Defendants, the Court should transfer the action regarding the Attorney Defendants to the court that the Attorney Defendants**

**contend would have jurisdiction over them (the District Court in New York).**

The Eleventh Circuit Court of Appeals has held that when a district court lacks personal jurisdiction, the court may transfer the action to another district court where jurisdiction would be proper. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 (11th Cir. 1982) ("In this Circuit, a court lacking personal jurisdiction of the defendant may transfer the case under either s 1404(a) or s 1406(a). Koehring Co. v. Hyde Constr. Co., 5 Cir. 1963, 324 F.2d 295; accord, United States v. Berkowitz, 3 Cir. 1964, 328 F.2d 358, 361, cert. denied, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32.").

A line of U.S. Supreme Court and Fifth Circuit Court of Appeals cases had solidly established that principle prior to the Fifth Circuit split creating the Eleventh Circuit:

> The Supreme Court in the recent case of Goldlawr, Inc. v. Heiman, 1962, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 has held that a court may transfer an action under 28 U.S.C.A. § 1406(a) even though it lacks jurisdiction over the person. That section provides:
>
> 'The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'
>
> Construing this statute, the Supreme Court stated: 'The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff

may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendant or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years— that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.' It would at least partially frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired.' The same considerations of convenience and procedural reform which prompted the enactment of *298 Section 1406 (a) apply to Section 1404(a), and there is no basis for distinguishing between them insofar as the rule enunciated in Goldlawr is concerned. See 1 Moore, Federal Practice para. 0.146(5) at 1097 (2d Ed.1951); 61 Mich.L.Rev. 393 (1962); 1963 Duke L.J. 168. Thus, whether or not the trial court below had personal jurisdiction over the defendant, for 'the convenience of parties and witnesses' and 'in the interest of justice' the cause should be transferred to Oklahoma.

The cause is remanded with instructions that it be transferred to the Northern District of Oklahoma.

*Koehring Co. v. Hyde Const. Co.*, 324 F.2d 295, 297–98 (5th Cir. 1963).

Our District Courts have recognized that no personal jurisdiction is required to transfer a case to another court.

> The statutory venue transfer provision of 28 U.S.C. § 1404(a) provides as follows:
>
> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> 28 U.S.C. § 1404(a) (1982). A district court is vested with wide discretion in determining whether an action should be transferred. Weber v. Coney, 642 F.2d 91, 93 (5th Cir.1981). Moreover, section 1404(a) permits the transfer of a case with proper venue even if no personal jurisdiction exists in the transferring court. Aguacate Consol. Mines, Inc. v. Deeprock, Inc., 566 F.2d 523, 524 (5th Cir.1978). *First Fed. Sav. & Loan Ass'n of Warner Robins, Ga. v. Berger*, 672 F. Supp. 1454, 1456 (M.D. Ga. 1987).

*First Fed. Sav. & Loan Ass'n of Warner Robins, Ga. v. Berger*, 672 F. Supp. 1454, 1456 (M.D. Ga. 1987). *Accord Engineered Floors, LLC v. Lakeshore Equip. Co.*, No. 4:20-CV-00169-JPB, 2021 WL 857741, at *2 (N.D. Ga. Mar. 8, 2021) (a court lacking personal jurisdiction of the defendant may transfer the case under either § 1404(a) or § 1406(a)); *Kreyenborg GmbH v. PSI-Polymer Sys., Inc.*, No. 1:12-CV-0695-CAP, 2012 WL 13018247, at *2 (N.D. Ga. Nov. 20, 2012) ("the court may order transfer regardless of whether it has personal jurisdiction….").

The District Courts in New York have also recognized the same principle. *See, e.g., Mangia Media Inc. v. Univ. Pipeline, Inc.*, 846 F. Supp. 2d 319, 324

(E.D.N.Y. 2012) (citing 2nd Circuit precedent, and holding "Transfer is available to a district where jurisdiction and venue exist, even where, as here, the transferor court lacks personal jurisdiction over a defendant.") (cits. omitted).

The Attorney Defendants has repeatedly argued that New York is the proper forum for any litigation involving these parties. The Attorney Defendants have not, however, shown a basis to deny *subject matter* jurisdiction. Even if the action were to be transferred to New York, the parties would remain citizens of diverse states and the Complaint avers damages exceeding $75,000, thereby providing diversity of citizenship for federal subject matter jurisdiction. Thus, if the Court determines that it lacks personal jurisdiction, it should transfer this action to a U.S. District Court in New York.

## VI.    Abstention doctrines do not apply in this context.

The Attorney Defendants also argue that the *Rooker-Feldman* and *Colorado River* doctrines warrant abstention from exercising jurisdiction. That argument incorrectly presupposes that Plaintiffs are asking this Court to review a state court final judgment or to alter it. That is simply wrong.

The Attorney Defendants admit that the New York State Court Order is not intended to freeze any bank accounts other than accounts of Chazzy (the borrower) or Craton (the guarantor), who are not Plaintiffs in this action. *See* Response to Motion for TRO, p. 6 ("The Order clearly provided that, ***for an account to be subject***

***to the restraints set forth in the Order, the account had to be titled in the name of Chazzy or Craton*****.") (emphasis supplied). The Verified Complaint avers that two accounts not belonging to Chazzy were seized. If the Order "clearly provided" that only the borrower's accounts could be seized, Plaintiffs are not seeking to modify that Order in any way. To the contrary, Plaintiffs contend that the Attorney Defendants acted negligently by providing account numbers for inclusion in the Order which were not accounts of the borrower. That in no way modifies the Order, but instead asserts that the defendants harmed Plaintiffs by having the Order say what is says. Simply put, Plaintiffs are not asking this Court to review, or alter, the New York Order.

The Attorney Defendants also seek abstention under the *Colorado River* doctrine, but the Attorney Defendants wrongly conflate this Georgia action with the action pending in New York. Plaintiffs are not seeking a modification or clarification of the New York Order. Plaintiffs are seeking a ***damages and remedy to the harm caused by Defendants***. Plaintiffs are not parties to the New York state court action, so no remedies are available to them there.

Abstention is improper when Plaintiffs are not seeking to modify another court's ruling, and when Plaintiffs do not have a remedy in another court where they are not parties (nor where should they be forced to litigate).

**VII.  The substantive claims are not subject to dismissal as Plaintiffs pled valid causes of action.**

The Attorney Defendants arguments that various causes of action are not sufficiently pled are simply inaccurate. Those arguments presume that New York law applies. However, the doctrine of *lex loci delecti* does not mandate the application of New York law in this instance. That doctrine applies the law of the last place where an event causing damage or injury occurred. In this instance, the Complaint avers that the injury occurred in Georgia. Complaint, ¶4e ("Plaintiffs have suffered injury within the State of Georgia from that tortious conduct."). The averments in the Complaint are taken as accurate at the summary judgment stage; accordingly, the last element of the torts alleged in the Complaint occurred in Georgia, invoking Georgia law. For that reason, the analysis in the Motion fails.

## Conclusion

The Court should deny the Motion because (i) the Attorney Defendants waived objections to personal jurisdiction by filing an initial appearance without contesting personal jurisdiction; (ii) the Attorney Defendants have had extensive and ongoing contacts with residents of the State of Georgia by suing at least sixty-six (66) Georgia residents and entities; (iii) the Attorney Defendants have refused to reveal the full extent of their contacts with residents of the State of Georgia, as the Attorney Defendants will not answer jurisdictional discovery about clients in the

20

State of Georgia; (iv) if this Court does not have personal jurisdiction over the Attorney Defendants, the Court may still have personal jurisdiction over co-defendant Family Funding Group; (v) if this Court does not have personal jurisdiction over the Attorney Defendants, the Court should transfer the action to the court that the Attorney Defendants contend would have jurisdiction over them (the District Court in New York); (vi) abstention doctrines should not be applied; and (vii) the substantive claims are not subject to dismissal as they plead valid causes of action.

  This 19th day of April, 2024.

         Respectfully submitted,

         */s/ Michael Robl*
         Michael D. Robl
         Georgia Bar No. 610905
         Maxwell W. Bowen
         Georgia Bar No. 719784

3754 Lavista Road
Suite 250
Tucker, Georgia 30084
Tel: (404) 373-5153 (Michael Robl)
Tel: (404) 373-5180 (Maxwell Bowen)
Fax: (404) 537-1761
michael@roblgroup.com
max@roblgroup.com
*Counsel for Plaintiffs*

## <u>CERTIFICATE OF FONT STYLE AND SIZE</u>

I hereby certify that the within pleading was prepared in one of the font styles and sizes authorized by the Court's Local Rules; specifically, being Times New Roman, 14-point font.

This 19th day of April, 2024.

ROBL LAW GROUP LLC

*/s/ Michael Robl*
By:  Michael D. Robl
Georgia Bar No. 610905
michael@roblgroup.com

# Exhibit "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,

     Plaintiffs,

v.

FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,

     Defendants.

CIVIL FILE
ACTION NO. 1:23-cv-05243

## CATNIP CATLIN INVESTMENTS, LLC'S FIRST
## DISCOVERY REQUESTS TO ERSHOWSKY P.C.

Defendant Ershowsky P.C. (the "Firm") responds to the First Discovery Requests (the "Discovery Requests") of Plaintiff Catnip Catlin Investments, LLC ("Plaintiff"), by and through its undersigned counsel as follows. The Firm generally objects to substantive participation in the case, inclusive of discovery, based on his assertion that this Court lacks personal jurisdiction over the Firm (among other jurisdictional and substantive bases upon which the Firm relies to assert that the instant case should be dismissed). By answering the discovery, which the Court has ordered for the specific purpose of determine whether the exercise of jurisdiction is

1

appropriate, the Firm does not waive its objections to such exercise of jurisdiction over his person or the subject matter of the case.

## **INTERROGATORIES**

1.    Identify the address of your principal place of business.

**RESPONSE:** 290 Central Avenue, Suite 107-109, Lawrence, New York 11559.

2.    Identify your members at all times since organization of your business.

**RESPONSE:** Michael Ershowsky is and has been the only member of the Firm.

3.    Identify any subsidiaries or affiliates you have an ownership in, including, but not limited to, the state in which such subsidiary or affiliate is organized, the principal place of business of the affiliate, and any contacts the subsidiary or affiliate has with the state of Georgia.

**RESPONSE:** The Firm does not have any subsidiaries or affiliates.

4.    Identify the address(es) where your members have resided for the most recent two years.

**RESPONSE:** 852 Station Place, Woodmere, New York 11598 and 1031 Beach 9th Street, Far Rockaway, New York 11691.

5.    Identify all factual bases you have for asserting that you are not subject to the jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** The Firm conducts its business in the State of New York. It provides professional services of its members, who are attorneys admitted to practice law in the State of New York, to clients who seek its services in the State of New York. Neither the Firm nor its members practice law in the State of Georgia, and any

2

perceived contacts with the State of Georgia or Georgia residents is merely incidental to the provision of those services in the State of New York.

6.      Identify all factual bases you have for asserting that you have not waived being subject to the jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** The Firm has asserted its objection based on lack of personal jurisdiction, among other things, from its very first filing in the present action. There has been no action taken that has not specifically set forth that the Firm objects to proceedings in the Northern District of Georgia based on lack of personal jurisdiction.

7.      Identify all factual bases you have for asserting that the amount in controversy requirement is not met in this case.

**RESPONSE:** The pre-complaint demand letter included an assertion that the amount withheld as a result of Wells Fargo's broad interpretation of the New York order was far below the jurisdictional threshold, and the Firm (which does not bear the burden of proof or persuasion on the issue) is not aware of any additional facts or damages that could have been incurred by Plaintiffs to meet the jurisdictional threshold.

8.      Identify all contacts you have had with the state of Georgia, including, but not limited to:

     a.  All property owned in the state of Georgia;

     b.  All applications for *pro hac vice* filed in Georgia courts;

     c.  All current or former clients you have that maintain their principal place of business or headquarters in the state of Georgia;

3

d.  All current or former clients you have that do business in the state of Georgia;

e.  All lawsuits you or your members have filed against Georgia residents and / or Georgia business entities on behalf of yourself or your current or former clients;

f.  All lawsuits your or your members have been named as a party in involving Georgia residents and / or Georgia business entities;

g.  All post-judgment collection efforts you have taken on behalf of yourself or your current or former clients against Georgia residents and / or Georgia business entities, such as writs of *fieri facias* issued, judgments domesticated, garnishment actions filed, etc.;

h.  All communications with Georgia residents, business entities, or defendants, including, but not limited to, phone calls, emails, text messages, letters, and any other form of written or oral communication;

i.  All marketing, advertising, promoting, and / or steps taken to solicit business from Georgia residents or business entities;

j.  All purchases made in the state of Georgia within the last twenty-four (24) months from the date of your responses to these interrogatories;

    k.  All purchases made from individuals or business entities based in the state of Georgia within the last twenty-four (24) months from the date of your responses to these interrogatories; and

    l.  All travel in, on, or through the state of Georgia by your or your members, including, but not limited to travel in, on, or through Georgia roads, airports, ports, railways, or other method of travel.

**RESPONSE:** As to example items a, b, i, j, and k, the Firm is not aware of any contacts with the State of Georgia that fall within those example categories.

As to example items c, and d, the Firm objects to providing the information requested by these examples based on the attorney-client privilege, as any information responsive to the request would necessarily result from conversations or information exchanged by a client to the Firm as part of the attorney-client relationship. To the extent such information has been obtained outside of the attorney-client relationship, the Firm is unaware of any clients based in Georgia.

The Firm also objects to providing the information responsive to example item d on the basis that the request is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence or is disproportionate to the needs of the case.

As for example item f, the Firm has not been involved in any other litigation in the State of Georgia other than the instant case.

As for example item l, Michael Ershowsky spent three days with his family in Atlanta for a family wedding in 1989. Mr. Ershowsky was a kid at the time and did not attend the wedding and was instead babysat at the hotel by his aunt who was attending Emory University at the time. At other times during the late 1980s and 1990s, Mr. Ershowsky's family would have driven through Georgia on a few occasions when the family traveled from New York to Florida on vacation. In 1997, the Ershowsky family went on a camping trip in North Carolina and passed through Georgia. In 2007, Mr. Ershowsky passed through Georgia on a vacation with his wife and spent approximately 1 ½ hours in Savannah and purchased chicken fingers

and soft drinks. In 2009, Mr. Ershowsky again passed through Georgia on his way back to New York on a trip but does not recall stopping in Georgia.

As for example items e, g, and h, the Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia.

The Firm is aware of one other case in the State of Georgia, brought by the same counsel and relating to the same Plaintiffs as in the instant case, in which Ershowsky exchanged correspondence acting as *of counsel* for a different New York law firm. Ershowsky did not appear in any action filed in the State of Georgia and exchanged a few e-mails and phone calls with opposing counsel resulting in release of certain funds frozen by Wells Fargo by a different law firm that is not a party in the instant case. Ershowsky did not, however, undertake any representation or take any actions in the State of Georgia related to that dispute.

9.    For all individuals and / or business entities identified in response to Interrogatory 8, please provide the name of the individual or business entity contacted, the date of such contact, the contact information you used, and for oral communications, a brief description of the communication.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case.

Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York.

10.    For all individuals and / or business identified in response to Interrogatory 8,

identify *all* instances where you froze a bank account belonging to a Georgia resident

or business entity on behalf of a current or former client that was subject to a

judgment held by your current or former client.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the

Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York.

11.    For all individuals and / or business identified in response to Interrogatory 8, identify *all* instances where you froze a bank account belonging to a Georgia resident or Georgia business entity on behalf of a current or former client that was *not* subject to a judgment held by your current or former client that led to a settlement between that non-judgment-debtor Georgia resident or Georgia business entity and your current or former client.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York

8

were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York. Notwithstanding the objection, the only instance involving the fact pattern in this case where a bank account of a non-party residing in Georgia was frozen occurred in the present case.

12.    Identify any and all conferences, seminars, industry group meetings, and / or similar gatherings with the state of Georgia attended by of your any employees, agents, or members, and provide the date of event and name or purpose of the event attended.

**RESPONSE:** The Firm knows of no information responsive to this request.


13.    Identify any and all of your bank accounts, or other fiduciary accounts, held or maintained within the state of Georgia.

**RESPONSE**: The Firm does not have any accounts held by financial institutions principally based in the State of Georgia and knows of no accounts maintained within the State of Georgia.

14.    Identify any taxes or fees paid by you or your members, employees, or agents to the state of Georgia by purpose, date, and amount of payment.

**RESPONSE:** As set forth in response to Interrogatory No. 8, Mr. Ershowsky purchased chicken fingers (and perhaps also soft drinks) in Georgia in 2007. To the best of his knowledge, sales tax may have been collected in connection with this purchase. Assuming the state sales tax rate was 4%, the amount would have been approximately $0.80. Further, the principal of the Firm may have also purchased gas in the state of Georgia during periods of travel through the state.

15.    Identify any taxes or fees paid by you to any city, County, or municipality within the state of Georgia, by purpose, date, and amount of payment.

**RESPONSE:** As set forth in response to Interrogatory No. 8, Mr. Ershowsky purchased chicken fingers (and perhaps also soft drinks) in Georgia in 2007. To the best of his knowledge, sales tax may have been collected in connection with this purchase. Assuming the local sales tax rate was 7%, the amount would have been approximately $1.40.

16.    Identify all trips by your members, employees, or agents to the state of Georgia for any purpose by identifying the name of the person traveling to Georgia, the date of the trip, and the purpose of the trip.

**RESPONSE:** The Firm refers to the response to Interrogatory 8 for this information.


17.    Identify any and all lobbyists engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The Firm has no information to identify in response to this interrogatory.

18.    Identify any and all accountants, accounting firms, bookkeepers, controllers, and similar persons or entities engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The Firm has no information to identify in response to this interrogatory.

10

19.     Identify any and all lawyers and law firms engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The undersigned counsel and counsel in the instant case is the only law firm so engaged.

20.     Identify any and all brokers, real estate agents, or other real estate professionals providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The Firm has no information to identify in response to this interrogatory.

21.     Identify any and all consultants, advisors, or independent contractors providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The Firm has no information to identify in response to this interrogatory.

22.     Identify all lawsuits and arbitration actions filed against you in the State of Georgia by providing the case name, case number, court in which the action was filed, and date of filing of the action, and indicate whether you filed any pleading opposing personal jurisdiction in each such action and how the personal jurisdiction dispute was resolved in each such action.

**RESPONSE:** *Catnip Catlin Investments, LLC et al. V. Family Funding Group, LLC, et al.,* 1:23-Cv-05243 (N.D. Ga.).

11

## **FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

YOU ARE REQUESTED to produce each of the following documents and records:

1.    All documents identified in responding to the accompanying First Interrogatories.

**RESPONSE:** Documents identified in response to the First Interrogatories are produced contemporaneously herewith.

2.    All documents relied upon, but not specifically identified, in responding to the accompanying First Interrogatories.

**RESPONSE:** The Firm relied upon documents provided by Plaintiff in the hearing on the Motion for Preliminary Injunction and the pleadings in the instance case, both of which are already in the possession of Plaintiff.

3.    All written communications between yourself and / or your members and Georgia residents and / or Georgia business entities, including, but not limited to:

    a.  Emails;

    b.  Letters;

    c.  Text messages; and

    d.  Notes of oral communications, such as Zoom calls, phone calls, or other

        form or oral communication.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed,

12

the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York.

4.    All lawsuits filed against Georgia residents and / or Georgia business entities

on your behalf or on the behalf of your current or former clients.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is

13

not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York.

5.      All engagement agreements between yourself and Georgia residents and / or

Georgia business entities.

**RESPONSE**: The Firm objects to this request on the basis that engagement letters are subject to the attorney-client privilege.

6.      All documents supporting your assertion that you are not subject to the

jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** The Firm objects to this request on the basis that it is overly broad and unduly burdensome in that it requests virtually every document in existence that would tend to show that the Firm and its principals live in New York, practice law in New York, and do not conduct business in the State of Georgia. Without waiver, the Firm relies on the affidavits previously filed in this case.

7.      All settlement agreements prepared by you, in whole or in part, that were

subsequently entered into by a Georgia resident and / or Georgia business entity.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. The Firm also objects on the basis that the majority, if not all, settlement agreements requested by the Plaintiffs would be protected from disclosure based on confidentiality provisions therein. To comply with this request, the Firm would need to review all files and determine which files involve suits in New York filed against one or more defendants and further review each of those files to determine whether settlement agreements were entered into and whether those agreements involved Georgia defendants. The effort would require hundreds of hours of manpower, and it does not change the fact that the Firm operated solely in the State of New York, practiced law solely in New York, and filed suits solely in the State of New York,

14

some of which may incidentally involve Georgia residents, which is insufficient under established law to support a finding of personal jurisdiction.

8.      Your articles of incorporation, operating agreements, bylaws, or other similar incorporating documents and any amendments thereto.

**RESPONSE**: Documents responsive to this request are produced contemporaneously herewith.

9.      All documents regarding any and all conferences, seminars, industry group meetings, and/or similar gatherings within the state of Georgia attended by any employees or agents of Defendant.

**RESPONSE**: No such documents exist.

10.     All documents regarding any and all meetings of shareholders, officers, or the Board of Directors of Defendant within the state of Georgia.

**RESPONSE**: No such documents exist.

11.     All documents regarding any and all conferences, seminars, industry group meetings, and/or similar gatherings within the state of Georgia attended by any employees or agents of Defendant, including but not limited to requests to authorize travel expenses and expense reimbursement requests.

**RESPONSE**: No such documents exist.

12.     Documents sufficient to identify any and all bank accounts, or other fiduciary accounts, held or maintained by Defendant within the State of Georgia.

**RESPONSE**: No such documents exist.

13.    All documents regarding any and all advertising, marketing or promoting of any Products or Services to any Georgia Residents or within the State of Georgia.

**RESPONSE**: No such documents exist.

14.    All documents listing all names of any of your current or former clients or customers residents of the state of Georgia or businesses registered to do business in the state of Georgia, or who were residents of the state of Georgia or were registered to do business in the state of Georgia at the time they were clients or customers.

**RESPONSE**: The Firm objects to providing the information requested based on the attorney-client privilege, as any information responsive to the request would necessarily result from conversations or information exchanged by a client to the Firm as part of the attorney-client relationship. To the extent such information has been obtained outside of the attorney-client relationship, the Firm is unaware of any documents that exist responsive to this request.

15.    Documents sufficient to identify any taxes or fees paid by you to the state of Georgia by purpose, date, and amount of payment.

**RESPONSE**: No such documents exist.

16.    Documents sufficient to identify any taxes or fees paid by you to any city, County, or municipality within the State of Georgia, by purpose, date, and amount of payment.

**RESPONSE**: No such documents exist.

17.    Documents sufficient to identify all trips by your members, employees, or agents of to the State of Georgia for any purpose.

16

**RESPONSE**: No such documents exist.

18.    All documents regarding any and all lobbyists engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE**: No such documents exist.

19.    All documents regarding any and all accountants, accounting firms, bookkeepers, controllers, and similar persons or entities engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the state of Georgia or are providing services within the state of Georgia, but not including accountant-client work product.

**RESPONSE**: No such documents exist.

20.    All documents regarding any and all lawyers and law firms engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia, but redacted to protect attorney-client privileged information and/or work product.

**RESPONSE**: No such documents exist outside of any such documents relating to the instant case, and the Firm objects to providing such documents on the basis of the attorney-client privilege, as those documents would be limited to an engagement letter and communications comprising discussions concerning the case between attorney and client.

17

21.     All documents regarding any and all brokers, real estate agents, or other real estate professionals providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia.

**RESPONSE**: No such documents exist.

22.     All documents regarding any and all consultants, advisors, or independent contractors providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia.

**RESPONSE**: No such documents exist.

23.     As to every lawsuit and arbitration actions filed against you in the State of Georgia, the following documents:

      a.  Each Complaint and amended Complaint;

      b.  Each Answer and amended Answer;

      c.  Each motion to dismiss alleging lack of personal jurisdiction;

      d.  Each Order ruling on a motion to dismiss due to allegations of lack of personal jurisdiction;

      e.  All Affidavits and/or sworn declarations (and exhibits thereto) submitted in support of each motion to dismiss alleging lack of personal jurisdiction;

f.  All Affidavits and/or sworn declarations (and exhibits thereto) submitted in opposition to of each motion to dismiss alleging lack of personal jurisdiction;

g.  All responses to discovery regarding contacts with the State of Georgia; and

h.  All documents related to your consent to personal jurisdiction in lawsuits filed or previously filed in the State of Georgia.

**RESPONSE**: No such documents exist outside of those relating to the present case, and the Plaintiffs have equal access to and/or have already received the pleadings, affidavits, etc., provided and/or filed in this case.

This 20th day of February, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Travis A. Knobbe*
Travis A. Knobbe
Georgia Bar No. 763132
travis.knobbe@fmglaw.com
Anna C. Perry
Georgia Bar No. 306362
anna.perry@fmglaw.com

Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
D: 678-996-9054

*Counsel for Defendants Ershowsky Verstandig*
*PLLC and Michael Ershowsky and nominally, for Ershowsky, PC*

19

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,

      Plaintiffs,

v.

FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,

      Defendants.

CIVIL FILE
ACTION NO. 1:23-cv-05243

## **VERIFICATION**

I, Michael Ershowsky, in my capacity as owner of Ershowsky PC and co-owner of Ershowsky Verstandig PLLC, and in my individual capacity, have reviewed the response to the Interrogatories herein and state that the responses therein are true to the best of my knowledge information and belief.

I declare that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

This 20th day of February, 2024.

_____
Michael Ershowsky

## <u>CERTIFICATE OF SERVICE</u>

This certifies that on this date, the undersigned served the foregoing responses

on the following by electronic mail:

Maxwell W. Bowen
Michael Robl
max@roblgroup.com
michael@roblgroup.com

This 20th day of February, 2024.

**FREEMAN MATHIS & GARY, LLP**
*/s/ Travis A. Knobbe*
Travis A. Knobbe
Georgia Bar No. 763132
travis.knobbe@fmglaw.com
Anna C. Perry
Georgia Bar No. 306362
anna.perry@fmglaw.com

Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
D: 678-996-9054

*Counsel for Defendants Ershowsky Verstandig*
*PLLC and Michael Ershowsky and nominally, for Ershowsky, PC*

# Exhibit "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,

     Plaintiffs,

v.

FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,

     Defendants.

CIVIL FILE
ACTION NO. 1:23-cv-05243

## CATNIP CATLIN INVESTMENTS, LLC'S FIRST
## DISCOVERY REQUESTS TO MICHAEL ERSHOWSKY

Defendant Michael Ershowsky ("Ershowsky") responds to the First Discovery Requests (the "Discovery Requests") of Plaintiff Catnip Catlin Investments, LLC ("Plaintiff"), by and through its undersigned counsel as follows. Ershowsky generally objects to substantive participation in the case, inclusive of discovery, based on his assertion that this Court lacks personal jurisdiction over Ershowsky (among other jurisdictional and substantive bases upon which Ershowsky relies to assert that the instant case should be dismissed). By answering the discovery, which the Court has ordered for the specific purpose of determine

1

whether the exercise of jurisdiction is appropriate, Ershowsky does not waive his objections to such exercise of jurisdiction over his person or the subject matter of the case.

## INTERROGATORIES

1.    Identify the address where you currently reside, and each address where you have resided in the prior two (2) years.

**RESPONSE: Mr. Ershowsky's permanent residential address currently and for the past two years is 852 Station Place, Woodmere, New York 11598. From November 2022 to August 2023, Mr. Ershowsky rented and resided at 1031 Beach 9th Street, Far Rockaway, New York 11691.**

2.    Identify any business entities in which you have had an ownership interest within the most recent ten (10) years, including, but not limited to, the state in which such subsidiary or affiliate is organized, the principal place of business of the affiliate, and any contacts the subsidiary or affiliate has with the state of Georgia.

**RESPONSE: The only non-public business entities in which Mr. Ershowsky has had an ownership interest in the past 10 years are:**

> **Ershowsky P.C.**
> **Ershowsky Verstandig PLLC**

3.    Identify all factual bases you have for asserting that you are not subject to the jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** Ershowsky is a resident of the State of New York and has not had regular contacts with the State of Georgia. Any firm for which he has worked conducts its business in the State of New York. He provides professional services as an attorney admitted to practice law in the State of New York, to clients who seek his or his firms' services in the State of New York.

2

4.    Identify all factual bases you have for asserting that you have not waived being subject to the jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** Ershowsky has asserted his objection based on lack of personal jurisdiction, among other things, from his very first filing in the present action. There has been no action taken that has not specifically set forth that Ershowsky objects to proceedings in the Northern District of Georgia based on lack of personal jurisdiction.

5.    Identify all factual bases you have for asserting that the amount in controversy requirement is not met in this case.

**RESPONSE:** The pre-complaint demand letter included an assertion that the amount withheld as a result of Wells Fargo's broad interpretation of the New York order was far below the jurisdictional threshold, and Ershowsky (who does not bear the burden of proof or persuasion on the issue) is not aware of any additional facts or damages that could have been incurred by Plaintiffs to meet the jurisdictional threshold.

6.    Identify all contacts you have had with the state of Georgia, including, but not limited to:

    a.  All property owned in the state of Georgia;

    b.  All applications for *pro hac vice* filed in Georgia courts;

    c.  All current or former clients you have that maintain their principal place of business or headquarters in the state of Georgia;

    d.  All current or former clients you have that do business in the state of Georgia;

3

e.  All lawsuits you have filed against Georgia residents and / or Georgia business entities on behalf of yourself or your current or former clients;

f.  All lawsuits you have been named as a party in involving Georgia residents and / or Georgia business entities;

g.  All post-judgment collection efforts you have taken on behalf of yourself or your current or former clients against Georgia residents and / or Georgia business entities, such as writs of *fieri facias* issued, judgments domesticated, garnishment actions filed, etc.;

h.  All communications with Georgia residents, business entities, or defendants, including, but not limited to, phone calls, emails, text messages, letters, and any other form of written or oral communication;

i.  All marketing, advertising, promoting, and / or steps taken to solicit business from Georgia residents or business entities;

j.  All purchases made in the state of Georgia within the last twenty-four (24) months from the date of your responses to these interrogatories;

k.  All purchases made from individuals or business entities based in the state of Georgia within the last twenty-four (24) months from the date of your responses to these interrogatories; and

l. All travel in, on, or through the state of Georgia by you, including, but not limited to travel in, on, or through Georgia roads, airports, ports, railways, or other method of travel.

RESPONSE: As to example items a, i, j, and k, Mr. Ershowsky is not aware of any contacts with the State of Georgia that fall within those example categories.

As to example item b, Ershowsky has appeared *pro hac vice* in a single case in the Northern District of Georgia, as one of three attorneys at the firm of Levi & Korsinsky, LLP. See 1:15-cv-03781, *Bradley v. H2S Holdings, LLC* (the "Bradley Case"). I was, at the time, a junior associate at Levi & Korsinsky, LLP. During the litigation, Mr. Ershowsky did not enter the State of Georgia. That action was a class action under the WARN Act—one of several brought nationwide by the employment class action team of which Mr. Ershowsky was a part. In the class action sector, nationwide practice with pro hac vice admission is extremely common.

As to example items c, and d, Ershowsky objects to providing the information requested by these examples based on the attorney-client privilege, as any information responsive to the request would necessarily result from conversations or information exchanged by a client of Ershowsky as part of the attorney-client relationship. To the extent such information has been obtained outside of the attorney-client relationship, Ershowsky is unaware of any clients based in Georgia.

Ershowsky also objects to providing the information responsive to example item d on the basis that the request is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence or is disproportionate to the needs of the case.

As for example item f, Ershowsky has not been involved in any other litigation in the State of Georgia other than the instant case.

As for example item l, Ershowsky spent three days with his family in Atlanta for a family wedding in 1989. Mr. Ershowsky was a kid at the time and did not attend the wedding and was instead babysat at the hotel by his aunt who was attending Emory University at the time. At other times during the late 1980s and 1990s, Mr. Ershowsky's family would have driven through Georgia on a few occasions when the family traveled from New York to Florida on vacation. In 1997, the Ershowsky family went on a camping trip in North Carolina and passed through Georgia. In

2007, Mr. Ershowsky passed through Georgia on a vacation with his wife and spent approximately 1 ½ hours in Savannah and purchased chicken fingers and soft drinks. In 2009, Mr. Ershowsky again passed through Georgia on his way back to New York on a trip but does not recall stopping in Georgia.

As to example items e, g, and h, the law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

Finally, Ershowsky is aware of one other case in the State of Georgia, brought by the same counsel and relating to the same Plaintiffs as in the instant case, in which Ershowsky exchanged correspondence acting as *of counsel* for a different New York law firm. Ershowsky did not appear in any action filed in the State of Georgia and exchanged a few e-mails and phone calls with opposing counsel resulting in release of certain funds frozen by Wells Fargo by a different law firm that is not a party in the instant case. Ershowsky did not, however, undertake any representation or take any actions in the State of Georgia related to that dispute and known documents representing the exchanges of correspondence related to that dispute are produced.

7.    For all individuals and / or business entities identified in response to Interrogatory 6, provide the name of the individual or business entity contacted, the date of such contact, the contact information you used, and for oral communications, a brief description of the communication.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

8.    For all individuals and / or businesses identified in response to Interrogatory 6, identify all bank accounts by owner of the account, financial institution name, and the date such individual's and / or business's account was frozen, seized, garnished, attached, levied on, or any other form of restricting such individual's and / or

business's access to their bank account by you on behalf of your current or former

clients, including, but not limited to:

   a. bank accounts of individuals and / or businesses subject to judgments held

      by yourself or your current or former clients; and

   b. bank accounts of individuals and / or businesses *not* subject to judgments

      held by yourself or your current or former clients.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting
to the items which Ershowsky incorporates and relies upon by reference.

9.    For all individuals and / or business identified in response to Interrogatory 6,

identify *all* instances where you froze a bank account belonging to a Georgia resident

or Georgia business entity on behalf of a current or former client that was *not* subject

to a judgment held by your current or former client that led to a settlement between

that non-judgment-debtor Georgia resident or Georgia business entity and your

current or former client.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting
to the items which Ershowsky incorporates and relies upon by reference.

10.    Identify any and all conferences, seminars, industry group meetings, and / or

similar gatherings with the state of Georgia that you have attended, and provide the

date of event and name or purpose of the event attended.

**RESPONSE:** Ershowsky knows of no information responsive to this request.

11.    Identify any and all of your bank accounts, or other fiduciary accounts, held or maintained within the state of Georgia.

**RESPONSE:** Ershowsky knows of no information responsive to this request.

12.    Identify any taxes or fees you have paid to the state of Georgia by purpose, date, and amount of payment.

**RESPONSE:** As set forth in response to Interrogatory 6, Mr. Ershowsky purchased chicken fingers (and perhaps also soft drinks) in Georgia in 2007. To the best of his knowledge, sales tax may have been collected in connection with this purchase. Assuming the state sales tax rate was 4%, the amount would have been approximately $0.80. Further, the principal of the Firm may have also purchased gas in the state of Georgia during periods of travel through the state.

13.    Identify any taxes or fees you have paid to any city, County, or municipality within the state of Georgia, by purpose, date, and amount of payment.

**RESPONSE:** As set forth in response to Interrogatory No. 6, Mr. Ershowsky purchased chicken fingers (and perhaps also soft drinks) in Georgia in 2007. To the best of his knowledge, sales tax may have been collected in connection with this purchase. Assuming the local sales tax rate was 7%, the amount would have been approximately $1.40.

14.    Identify all of your trips to the state of Georgia for any purpose by identifying the date of the trip and the purpose of the trip.

**RESPONSE:** Ershowsky refers to the response to Interrogatory 6 for this information.

15.    Identify any and all lobbyists engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the state of Georgia.

**RESPONSE:** Ershowsky knows of no information responsive to this request.

16.    Identify any and all accountants, accounting firms, bookkeepers, controllers, and similar persons or entities engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the state of Georgia.

**RESPONSE:** Ershowsky knows of no information responsive to this request.

17.    Identify any and all lawyers and law firms engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia.

**RESPONSE:** The undersigned counsel and counsel in the instant case is the only law firm so engaged.

18.    Identify any and all brokers, real estate agents, or other real estate professionals providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** Ershowsky knows of no information responsive to this request.

19.    Identify any and all consultants, advisors, or independent contractors providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia.

**RESPONSE:** Ershowsky knows of no information responsive to this request.

20.    Identify all lawsuits and arbitration actions filed against you in the state of Georgia by providing the case name, case number, court in which the action was

filed, and date of filing of the action, and indicate whether you filed any pleading

opposing personal jurisdiction in each such action and how the personal jurisdiction

dispute was resolved in each such action.

**RESPONSE:** *Catnip Catlin Investments, LLC et al. V. Family Funding Group, LLC, et al.,* 1:23-Cv-05243 (N.D. Ga.).

## **FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.    All documents identified in responding to the accompanying First

Interrogatories.

**RESPONSE:** Documents identified in response to the First Interrogatories are produced contemporaneously herewith.

2.    All documents relied upon, but not specifically identified, in responding to the

accompanying First Interrogatories.

**RESPONSE:** Ershowsky relied upon documents provided by Plaintiff in the hearing on the Motion for Preliminary Injunction and the pleadings in the instance case, both of which are already in the possession of Plaintiff.

3.    All written communications between yourself and Georgia residents and / or

Georgia business entities, including, but not limited to:

  a.  Emails;

  b.  Letters;

  c.  Text messages; and

  d.  Notes of oral communications, such as Zoom calls, phone calls, or other

    form or oral communication.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

4.      All lawsuits filed against Georgia residents and / or Georgia business entities

on your behalf or on the behalf of your current or former clients.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

5.      All engagement agreements between yourself and Georgia residents and / or

Georgia business entities.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

6.      All documents supporting your assertion that you are not subject to the

jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

7.      All settlement agreements prepared by you, in whole or in part, that were

subsequently entered into by a Georgia resident and / or Georgia business entity.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

8.      Your articles of incorporation, operating agreements, bylaws, or other similar

incorporating documents and any amendments thereto.

**RESPONSE:** Ershowsky is not an entity, and, therefore, there are no responsive documents that exist.

11

9.    All documents regarding any and all conferences, seminars, industry group meetings, and/or similar gatherings within the state of Georgia attended by you.

**RESPONSE**: No such documents exist.

10.    All documents regarding any and all meetings of shareholders, officers, or the Board of Directors of any Defendant within the state of Georgia.

**RESPONSE**: No such documents exist.

11.    All documents regarding any and all conferences, seminars, industry group meetings, and/or similar gatherings within the state of Georgia attended by any employees or agents of any Defendant, including but not limited to requests to authorize travel expenses and expense reimbursement requests.

**RESPONSE**: No such documents exist.

12.    Documents sufficient to identify any and all bank accounts, or other fiduciary accounts, held or maintained by any Defendant within the State of Georgia.

**RESPONSE**: No such documents exist.

13.    All documents regarding any and all advertising, marketing or promoting of any products or services to any Georgia Residents or within the State of Georgia.

**RESPONSE**: No such documents exist.

14.    All documents listing all names of any of your current or former clients or customers residents of the state of Georgia or businesses registered to do business in

the state of Georgia, or who were residents of the state of Georgia or were registered to do business in the state of Georgia at the time they were clients or customers.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

15.    Documents sufficient to identify any taxes or fees paid by you to the state of Georgia by purpose, date, and amount of payment.

**RESPONSE**: No such documents exist.

16.    Documents sufficient to identify any taxes or fees paid by you to any city, County, or municipality within the State of Georgia, by purpose, date, and amount of payment.

**RESPONSE**: No such documents exist.

17.    Documents sufficient to identify all trips by you to the State of Georgia for any purpose.

**RESPONSE**: No such documents exist.

18.    All documents regarding any and all lobbyists engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE**: No such documents exist.

19.    All documents regarding any and all accountants, accounting firms, bookkeepers, controllers, and similar persons or entities engaged, retained, employed, hired or otherwise providing or who have provided services for you who

13

are located within the state of Georgia or are providing services within the state of Georgia, but not including accountant-client work product.

**RESPONSE**: No such documents exist.

20.    All documents regarding any and all lawyers and law firms engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia, but redacted to protect attorney-client privileged information and/or work product.

**RESPONSE:** The law firm defendants have set forth a detailed basis for objecting to the items which Ershowsky incorporates and relies upon by reference.

21.    All documents regarding any and all brokers, real estate agents, or other real estate professionals providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia.

**RESPONSE**: No such documents exist.

22.    All documents regarding any and all consultants, advisors, or independent contractors providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia.

**RESPONSE**: No such documents exist.

23.    As to every lawsuit and arbitration action filed against you in the State of Georgia, the following documents:

      a.  Each Complaint and amended Complaint;

b.  Each Answer and amended Answer;

c.  Each motion to dismiss alleging lack of personal jurisdiction;

d.  Each Order ruling on a motion to dismiss due to allegations of lack of personal jurisdiction;

e.  All Affidavits and/or sworn declarations (and exhibits thereto) submitted in support of each motion to dismiss alleging lack of personal jurisdiction;

f.  All Affidavits and/or sworn declarations (and exhibits thereto) submitted in opposition to of each motion to dismiss alleging lack of personal jurisdiction;

g.  All responses to discovery regarding contacts with the State of Georgia; and

h.  All documents related to your consent to personal jurisdiction in lawsuits filed or previously filed in the State of Georgia.

**RESPONSE**: No such documents exist outside of those relating to the present case, and the Plaintiffs have equal access to and/or have already received the pleadings, affidavits, etc., provided and/or filed in this case.

This 20th day of February, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Travis A. Knobbe*
Travis A. Knobbe
Georgia Bar No. 763132

15

travis.knobbe@fmglaw.com
Anna C. Perry
Georgia Bar No. 306362
anna.perry@fmglaw.com

Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
D: 678-996-9054

*Counsel for Defendants Ershowsky Verstandig*
*PLLC and Michael Ershowsky and nominally, for Ershowsky, PC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,

      Plaintiffs,

v.

FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,

      Defendants.

CIVIL FILE
ACTION NO. 1:23-cv-05243

## <u>VERIFICATION</u>

I, Michael Ershowsky, in my capacity as owner of Ershowsky PC and co-owner of Ershowsky Verstandig PLLC, and in my individual capacity, have reviewed the response to the Interrogatories herein and state that the responses therein are true to the best of my knowledge information and belief.

I declare that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

This 20th day of February, 2024.

_____
Michael Ershowsky

## CERTIFICATE OF SERVICE

This certifies that on this date, the undersigned served the foregoing responses

on the following by electronic mail:

Maxwell W. Bowen
Michael Robl
max@roblgroup.com
michael@roblgroup.com

This 20th day of February, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Travis A. Knobbe*

Travis A. Knobbe
Georgia Bar No. 763132
travis.knobbe@fmglaw.com
Anna C. Perry
Georgia Bar No. 306362
anna.perry@fmglaw.com

Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
D: 678-996-9054

*Counsel for Defendants Ershowsky Verstandig PLLC and Michael Ershowsky and nominally, for Ershowsky, PC*

18

# Exhibit "C"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,<br><br>       Plaintiffs,<br><br>v.<br><br>FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,<br><br>       Defendants. | CIVIL FILE<br>ACTION NO. 1:23-cv-05243 |

## ERSHOWSKY VERSTANDIG PLLC'S RESPONSES TO FIRST DISCOVERY REQUESTS OF PLAINTIFF

Defendant Ershowsky Verstandig, PLLC (the "Firm") responds to the First Discovery Requests (the "Discovery Requests") of Plaintiff Catnip Catlin Investments, LLC ("Plaintiff"), by and through its undersigned counsel as follows. The Firm generally objects to substantive participation in the case, inclusive of discovery, based on his assertion that this Court lacks personal jurisdiction over the Firm (among other jurisdictional and substantive bases upon which the Firm relies to assert that the instant case should be dismissed). By answering the discovery, which the Court has ordered for the specific purpose of determine whether the

1

exercise of jurisdiction is appropriate, the Firm does not waive its objections to such exercise of jurisdiction over his person or the subject matter of the case.

## <u>INTERROGATORIES</u>

1.      Identify the address of your principal place of business.

**RESPONSE:** 290 Central Avenue, Lawrence, New York 11559.

2.      Identify your members at all times since organization of your business.

**RESPONSE:** Michael Ershowsky and Jacob Verstandig are and have been the only members of the Firm.

3.      Identify any subsidiaries or affiliates you have an ownership in, including, but not limited to, the state in which such subsidiary or affiliate is organized, the principal place of business of the affiliate, and any contacts the subsidiary or affiliate has with the state of Georgia.

**RESPONSE:** Ershowsky Verstandig PLLC does not have any subsidiaries or affiliates.

4.      Identify the address(es) where your members have resided for the most recent two years.

**RESPONSE:** Michael Ershowsky: 852 Station Place, Woodmere, New York 11598 and 1031 Beach 9th Street, Far Rockaway, New York 11691.

Jacob Verstandig: 996 East 22nd Street, Brooklyn, New York 11210.

5.      Identify all factual bases you have for asserting that you are not subject to the jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** The Firm conducts its business in the State of New York. It provides professional services of its members, who are attorneys admitted to practice law in the State of New York, to clients who seek its services in the State of New York. Neither the Firm nor its members practice law in the State of Georgia, and any perceived contacts with the State of Georgia or Georgia residents is merely incidental to the provision of those services in the State of New York.

6.     Identify all factual bases you have for asserting that you have not waived being subject to the jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** The Firm has asserted its objection based on lack of personal jurisdiction, among other things, from its very first filing in the present action. There has been no action taken that has not specifically set forth that the Firm objects to proceedings in the Northern District of Georgia based on lack of personal jurisdiction.

7.     Identify all factual bases you have for asserting that the amount in controversy requirement is not met in this case.

**RESPONSE:** The pre-complaint demand letter included an assertion that the amount withheld as a result of Wells Fargo's broad interpretation of the New York order was far below the jurisdictional threshold, and the Firm (which does not bear the burden of proof or persuasion on the issue) is not aware of any additional facts or damages that could have been incurred by Plaintiffs to meet the jurisdictional threshold.

8.     Identify all contacts you have had with the state of Georgia, including, but not limited to:

   a.  All property owned in the state of Georgia;

   b.  All applications for *pro hac vice* filed in Georgia courts;

c. All current or former clients you have that maintain their principal place of business or headquarters in the state of Georgia;

d. All current or former clients you have that do business in the state of Georgia;

e. All lawsuits you or your members have filed against Georgia residents and / or Georgia business entities on behalf of yourself or your current or former clients;

f. All lawsuits your or your members have been named as a party in involving Georgia residents and / or Georgia business entities;

g. All post-judgment collection efforts you have taken on behalf of yourself or your current or former clients against Georgia residents and / or Georgia business entities, such as writs of *fieri facias* issued, judgments domesticated, garnishment actions filed, etc.;

h. All communications with Georgia residents, business entities, or defendants, including, but not limited to, phone calls, emails, text messages, letters, and any other form of written or oral communication;

i. All marketing, advertising, promoting, and / or steps taken to solicit business from Georgia residents or business entities;

j. All purchases made in the state of Georgia within the last twenty-four (24) months from the date of your responses to these interrogatories;

    k.  All purchases made from individuals or business entities based in the state of Georgia within the last twenty-four (24) months from the date of your responses to these interrogatories; and

    l.  All travel in, on, or through the state of Georgia by your or your members, including, but not limited to travel in, on, or through Georgia roads, airports, ports, railways, or other method of travel.

**RESPONSE:** As to example items a, b, i, j, and k, the Firm is not aware of any contacts with the State of Georgia that fall within those example categories.

As to example items c, and d, the Firm objects to providing the information requested by these examples based on the attorney-client privilege, as any information responsive to the request would necessarily result from conversations or information exchanged by a client to the Firm as part of the attorney-client relationship. To the extent such information has been obtained outside of the attorney-client relationship, the Firm is unaware of any clients based in Georgia.

The Firm also objects to providing the information responsive to example item d on the basis that the request is unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence or is disproportionate to the needs of the case.

As for example item f, the Firm has not been involved in any other litigation in the State of Georgia other than the instant case.

As for example item l, Michael Ershowsky spent three days with his family in Atlanta for a family wedding in 1989. Mr. Ershowsky was a kid at the time and did not attend the wedding and was instead babysat at the hotel by his aunt who was attending Emory University at the time. At other times during the late 1980s and 1990s, Mr. Ershowsky's family would have driven through Georgia on a few occasions when the family traveled from New York to Florida on vacation. In 1997, the Ershowsky family went on a camping trip in North Carolina and passed through Georgia. In 2007, Mr. Ershowsky passed through Georgia on a vacation with his wife and spent approximately 1 ½ hours in Savannah and purchased chicken fingers

and soft drinks. In 2009, Mr. Ershowsky again passed through Georgia on his way back to New York on a trip but does not recall stopping in Georgia.

Mr. Verstandig spent a couple days in Atlanta to attend a wedding in 2009, and he drove through Georgia on a few occasions over the years on trips between New York and Florida. The most recent such travel occurred in April 2023.

As for example items e, g, and h, the Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia.

9. For all individuals and / or business entities identified in response to Interrogatory 8, please provide the name of the individual or business entity contacted, the date of such contact, the contact information you used, and for oral communications, a brief description of the communication.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address.

Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York.

10.    For all individuals and / or business identified in response to Interrogatory 8,

identify *all* instances where you froze a bank account belonging to a Georgia resident

or business entity on behalf of a current or former client that was subject to a

judgment held by your current or former client.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia. Pouring through the files to

further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York.

11.    For all individuals and / or business identified in response to Interrogatory 8, identify *all* instances where you froze a bank account belonging to a Georgia resident or Georgia business entity on behalf of a current or former client that was *not* subject to a judgment held by your current or former client that led to a settlement between that non-judgment-debtor Georgia resident or Georgia business entity and your current or former client.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York. Notwithstanding the objection, the only instance involving the fact pattern in this

case where a bank account of a non-party residing in Georgia was frozen occurred in the present case.

12.    Identify any and all conferences, seminars, industry group meetings, and / or similar gatherings with the state of Georgia attended by of your any employees, agents, or members, and provide the date of event and name or purpose of the event attended.

**RESPONSE:** The Firm knows of no information responsive to this request.

13.    Identify any and all of your bank accounts, or other fiduciary accounts, held or maintained within the state of Georgia.

**RESPONSE**: The Firm does not have any accounts held by financial institutions principally based in the State of Georgia and knows of no accounts maintained within the State of Georgia.

14.    Identify any taxes or fees paid by you or your members, employees, or agents to the state of Georgia by purpose, date, and amount of payment.

**RESPONSE:** As set forth in response to Interrogatory No. 8, Mr. Ershowsky purchased chicken fingers (and perhaps also soft drinks) in Georgia in 2007. To the best of his knowledge, sales tax may have been collected in connection with this purchase. Assuming the state sales tax rate was 4%, the amount would have been approximately $0.80. Further, the principals of Ershowsky Verstandig PLLC may have also purchased gas in the state of Georgia during periods of travel through the state.

15.    Identify any taxes or fees paid by you to any city, County, or municipality within the state of Georgia, by purpose, date, and amount of payment.

**RESPONSE:** As set forth in response to Interrogatory No. 8, Mr. Ershowsky purchased chicken fingers (and perhaps also soft drinks) in Georgia in 2007. To the best of his knowledge, sales tax may have been collected in connection with this

purchase. Assuming the local sales tax rate was 7%, the amount would have been approximately $1.40.

16.    Identify all trips by your members, employees, or agents to the state of Georgia for any purpose by identifying the name of the person traveling to Georgia, the date of the trip, and the purpose of the trip.

**RESPONSE:** The Firm refers to the response to Interrogatory 8 for this information.

17.    Identify any and all lobbyists engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The Firm has no information to identify in response to this interrogatory.

18.    Identify any and all accountants, accounting firms, bookkeepers, controllers, and similar persons or entities engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The Firm has no information to identify in response to this interrogatory.

19.    Identify any and all lawyers and law firms engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The undersigned counsel and counsel in the instant case is the only law firm so engaged.

20.    Identify any and all brokers, real estate agents, or other real estate professionals providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The Firm has no information to identify in response to this interrogatory.

21.    Identify any and all consultants, advisors, or independent contractors providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE:** The Firm has no information to identify in response to this interrogatory.

22.    Identify all lawsuits and arbitration actions filed against you in the State of Georgia by providing the case name, case number, court in which the action was filed, and date of filing of the action, and indicate whether you filed any pleading opposing personal jurisdiction in each such action and how the personal jurisdiction dispute was resolved in each such action.

**RESPONSE:** *Catnip Catlin Investments, LLC et al. V. Family Funding Group, LLC, et al.,* 1:23-Cv-05243 (N.D. Ga.).

### FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

YOU ARE REQUESTED to produce each of the following documents and records:

1.    All documents identified in responding to the accompanying First Interrogatories.

11

**RESPONSE:** There are no documents identified in the First Interrogatories.

2.  All documents relied upon, but not specifically identified, in responding to the accompanying First Interrogatories.

**RESPONSE:** The Firm relied upon documents provided by Plaintiff in the hearing on the Motion for Preliminary Injunction and the pleadings in the instance case, both of which are already in the possession of Plaintiff.

3.  All written communications between yourself and / or your members and Georgia residents and / or Georgia business entities, including, but not limited to:

   a.  Emails;

   b.  Letters;

   c.  Text messages; and

   d.  Notes of oral communications, such as Zoom calls, phone calls, or other form or oral communication.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is

not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York.

4.    All lawsuits filed against Georgia residents and / or Georgia business entities

on your behalf or on the behalf of your current or former clients.

**RESPONSE:** The Firm objects on the basis that the information requested therein is overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, the information, generally, is equally accessible to the Plaintiffs. Indeed, the Plaintiffs were able to locate several cases in New York filed by the Firm showing that one or more defendant in those actions had a Georgia address. The Firm would undergo a similar process, and that process might overlook a handful of cases in which the Firm sued a defendant in New York that had a Georgia address. Ensuring an exhaustive search, however, would require hundreds of hours of manpower through each of the Firm's files, and, given that the information is equally accessible, the time and energy required to respond to this portion of the interrogatory is not proportionate to the needs of the case. The Firm would stipulate that the records found by Plaintiffs and presented to the Court at the hearing on the Motion for Preliminary Injunction are accurate and may not be complete but would represent a substantial majority, if not all, of the cases filed in New York by the Firm in which there were defendants with Georgia addresses. Any subsequent action taken in those cases were taken via subpoena or other tools in New York, as the Firm is not admitted to practice law in the State of Georgia. Pouring through the files to further identify when and whether subpoenas or other pleadings filed in New York were directed against Georgia entities would substantially increase the amount of time required to develop full responses to the requests, and it would simply reveal more actions taken by the Firm while practicing law solely in the State of New York.

5.    All engagement agreements between yourself and Georgia residents and / or

Georgia business entities.

**RESPONSE**: The Firm objects to this request on the basis that engagement letters are subject to the attorney-client privilege.

13

6.     All documents supporting your assertion that you are not subject to the

jurisdiction of the District Court for the Northern District of Georgia.

**RESPONSE:** The Firm objects to this request on the basis that it is overly broad
and unduly burdensome in that it requests virtually every document in existence that
would tend to show that the Firm and its principals live in New York, practice law
in New York, and do not conduct business in the State of Georgia. Without waiver,
the Firm relies on the affidavits previously filed in this case.

7.     All settlement agreements prepared by you, in whole or in part, that were

subsequently entered into by a Georgia resident and / or Georgia business entity.

**RESPONSE:** The Firm objects on the basis that the information requested therein
is overly broad, unduly burdensome, not reasonably calculated to lead to the
discovery of admissible evidence, and not proportional to the needs of the case. The
Firm also objects on the basis that the majority, if not all, settlement agreements
requested by the Plaintiffs would be protected from disclosure based on
confidentiality provisions therein. To comply with this request, the Firm would need
to review all files and determine which files involve suits in New York filed against
one or more defendants and further review each of those files to determine whether
settlement agreements were entered into and whether those agreements involved
Georgia defendants. The effort would require hundreds of hours of manpower, and
it does not change the fact that the Firm operated solely in the State of New York,
practiced law solely in New York, and filed suits solely in the State of New York,
some of which may incidentally involve Georgia residents, which is insufficient
under established law to support a finding of personal jurisdiction.

8.     Your articles of incorporation, operating agreements, bylaws, or other similar

incorporating documents and any amendments thereto.

**RESPONSE**: Documents responsive to this request are produced
contemporaneously herewith.

9.    All documents regarding any and all conferences, seminars, industry group meetings, and/or similar gatherings within the state of Georgia attended by any employees or agents of Defendant.

**RESPONSE**: No such documents exist.

10.    All documents regarding any and all meetings of shareholders, officers, or the Board of Directors of Defendant within the state of Georgia.

**RESPONSE**: No such documents exist.

11.    All documents regarding any and all conferences, seminars, industry group meetings, and/or similar gatherings within the state of Georgia attended by any employees or agents of Defendant, including but not limited to requests to authorize travel expenses and expense reimbursement requests.

**RESPONSE**: No such documents exist.

12.    Documents sufficient to identify any and all bank accounts, or other fiduciary accounts, held or maintained by Defendant within the State of Georgia.

**RESPONSE**: No such documents exist.

13.    All documents regarding any and all advertising, marketing or promoting of any Products or Services to any Georgia Residents or within the State of Georgia.

**RESPONSE**: No such documents exist.

14.    All documents listing all names of any of your current or former clients or customers residents of the state of Georgia or businesses registered to do business in

the state of Georgia, or who were residents of the state of Georgia or were registered to do business in the state of Georgia at the time they were clients or customers.

**RESPONSE**: The Firm objects to providing the information requested based on the attorney-client privilege, as any information responsive to the request would necessarily result from conversations or information exchanged by a client to the Firm as part of the attorney-client relationship. To the extent such information has been obtained outside of the attorney-client relationship, the Firm is unaware of any documents that exist responsive to this request.

15.    Documents sufficient to identify any taxes or fees paid by you to the state of Georgia by purpose, date, and amount of payment.

**RESPONSE**: No such documents exist.

16.    Documents sufficient to identify any taxes or fees paid by you to any city, County, or municipality within the State of Georgia, by purpose, date, and amount of payment.

**RESPONSE**: No such documents exist.

17.    Documents sufficient to identify all trips by your members, employees, or agents of to the State of Georgia for any purpose.

**RESPONSE**: No such documents exist.

18.    All documents regarding any and all lobbyists engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the State of Georgia or providing services within the State of Georgia.

**RESPONSE**: No such documents exist.

16

19.    All documents regarding any and all accountants, accounting firms, bookkeepers, controllers, and similar persons or entities engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the state of Georgia or are providing services within the state of Georgia, but not including accountant-client work product.

**RESPONSE**: No such documents exist.

20.    All documents regarding any and all lawyers and law firms engaged, retained, employed, hired or otherwise providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia, but redacted to protect attorney-client privileged information and/or work product.

**RESPONSE**: No such documents exist outside of any such documents relating to the instant case, and the Firm objects to providing such documents on the basis of the attorney-client privilege, as those documents would be limited to an engagement letter and communications comprising discussions concerning the case between attorney and client.

21.    All documents regarding any and all brokers, real estate agents, or other real estate professionals providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia.

**RESPONSE**: No such documents exist.

22.    All documents regarding any and all consultants, advisors, or independent contractors providing or who have provided services for you who are located within the state of Georgia or providing services within the state of Georgia.

**RESPONSE**: No such documents exist.

23.    As to every lawsuit and arbitration actions filed against you in the State of Georgia, the following documents:

    a.  Each Complaint and amended Complaint;

    b.  Each Answer and amended Answer;

    c.  Each motion to dismiss alleging lack of personal jurisdiction;

    d.  Each Order ruling on a motion to dismiss due to allegations of lack of personal jurisdiction;

    e.  All Affidavits and/or sworn declarations (and exhibits thereto) submitted in support of each motion to dismiss alleging lack of personal jurisdiction;

    f.  All Affidavits and/or sworn declarations (and exhibits thereto) submitted in opposition to of each motion to dismiss alleging lack of personal jurisdiction;

    g.  All responses to discovery regarding contacts with the State of Georgia; and

h. All documents related to your consent to personal jurisdiction in

lawsuits filed or previously filed in the State of Georgia.

**RESPONSE**: No such documents exist outside of those relating to the present case, and the Plaintiffs have equal access to and/or have already received the pleadings, affidavits, etc., provided and/or filed in this case.

This 20th day of February, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Travis A. Knobbe*
Travis A. Knobbe
Georgia Bar No. 763132
travis.knobbe@fmglaw.com
Anna C. Perry
Georgia Bar No. 306362
anna.perry@fmglaw.com

Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
D: 678-996-9054

*Counsel for Defendants Ershowsky Verstandig*
*PLLC and Michael Ershowsky and nominally, for Ershowsky, PC*

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| CATNIP CATLIN INVESTMENTS, LLC and CRATON EVENT MANAGEMENT, LLC d/b/a CRATON PROMOTIONS,<br><br>        Plaintiffs,<br><br>v.<br><br>FAMILY FUNDING GROUP, LLC; ERSHOWSKY VERSTANDIG PLLC; ERSHOWSKY, P.C.; and MICHAEL ERSHOWSKY,<br><br>        Defendants. | CIVIL FILE<br>ACTION NO. 1:23-cv-05243 |

## <u>VERIFICATION</u>

I, Michael Ershowsky, in my capacity as owner of Ershowsky PC and co-owner of Ershowsky Verstandig PLLC, and in my individual capacity, have reviewed the response to the Interrogatories herein and state that the responses therein are true to the best of my knowledge information and belief.

I declare that under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

This 20th day of February, 2024.

_____
Michael Ershowsky

## <u>CERTIFICATE OF SERVICE</u>

This certifies that on this date, the undersigned served the foregoing responses on the following by electronic mail:

Maxwell W. Bowen
Michael Robl
max@roblgroup.com
michael@roblgroup.com

This 20th day of February, 2024.

**FREEMAN MATHIS & GARY, LLP**
*/s/ Travis A. Knobbe*
Travis A. Knobbe
Georgia Bar No. 763132
travis.knobbe@fmglaw.com
Anna C. Perry
Georgia Bar No. 306362
anna.perry@fmglaw.com

Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
D: 678-996-9054

*Counsel for Defendants Ershowsky Verstandig*
*PLLC and Michael Ershowsky and nominally, for Ershowsky, PC*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the date above, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys of record listed below:

> Travis A. Knobbe
> Travis.knobbe@fmglaw.com
> nweber@fmglaw.com

This 19th day of April, 2024.

> ROBL LAW GROUP LLC
>
> */s/ Michael Robl*
> By:  Michael D. Robl
> Georgia Bar No. 610905
> michael@roblgroup.com